UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

_____
                                              )

Alan Champney                          )
      Plaintiff                             )
                                              )
      v.                                   )      CIVIL ACTION NO.
                                              )
Apple New England, LLC, Apple American  )
Group, LLC, Apple American Group II, LLC )
and Flynn Restaurant Group, LP          )
                                              )
      Defendants                      )
                                              )
_____

## PLAINTIFF'S COMPLAINT

### PARTIES

1. Plaintiff, Alan Champney ("Alan" or "Plaintiff"), has at all times relevant to this matter been a resident of 217 Eaton Road, Swanzey, New Hampshire 03446.

2. Defendant, Apple New England, LLC ("Apple New England"), has at all times relevant to this matter been a limited liability corporation organized under the laws of Delaware with a principal office address of 225 Bush Street, Suite 1800, San Francisco, California 94104.  Apple New England has a primary business of developing and operating Applebee's restaurants  under the auspices of the restaurant franchisee, defendant Flynn, including, but not limited to, an Applebee's restaurant located at 40 Key Road, Keene, New Hampshire 03431 ("Applebee's).

3. Defendant, Apple American Group, LLC ("Apple American") has at all times relevant to

this matter been a limited liability corporation organized under the laws of Delaware with a principal office address of 225 Bush Street, Suite 1800, San Francisco, California 94104.  Apple American has a primary business of developing and operating Applebee's restaurants under the auspices of the restaurant franchisee, defendant Flynn, including, but not limited to, an Applebee's restaurant located at 40 Key Road, Keene, New Hampshire 03431 ("Applebee's).

4. Defendant, Apple American Group II, LLC ("Apple American II") has at all times relevant to this matter been a limited liability corporation organized under the laws of Delaware with a principal office address of 225 Bush Street, Suite 1800, San Francisco, California 94104.  Apple American II has a primary business of developing and operating Applebee's restaurants under the auspices of the restaurant franchisee, defendant Flynn, including, but not limited to, an Applebee's restaurant located at 40 Key Road, Keene, New Hampshire 03431 ("Applebee's).

5. Flynn Restaurant Group, LP ("Flynn") has at all times relevant to this matter been a limited partnership organized under the laws of Delaware with a principal office address of 225 Bush Street, Suite 1800, San Francisco, California 94104.  Flynn  has a primary business of developing and operating Applebee's restaurant franchises including, but not limited to, an Applebee's restaurant located at 40 Key Road, Keene, New Hampshire 03431 ("Applebee's).  In furtherance of this business Flynn contracts with multiple separate entities which operate the restaurant for Flynn on a day-to-day basis.  Flynn establishes standards and methods of operation of the restaurant and the operating entity for the restaurant reports to Flynn and receives compensation and support from it.  In this arrangement, Flynn acted as principal and the entities with whom it contracted to operate

the Keene Applebee's restaurant acted as its agent.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is based upon diversity of citizenship as provided in 28 U.S.C. § 1332 (a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Personal jurisdiction of these defendants is afforded by RSA 510:4, I, as the defendants are not residents of New Hampshire, but as alleged in this Complaint committed a tortious act within the State of New Hampshire.

8. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391 (b)(2) as a substantial part of the events or omissions giving rise to this claim occurred on or near the Applebee's restaurant in Keene, New Hampshire.

## FACTS

9. On or about March 31, 2017, plaintiff and his co-workers went to the Applebee's restaurant located at 40 Key Road, Keene, New Hampshire. This restaurant was franchised by defendant Flynn and operated by Apple New England, Apple American Group or Apple American Group II alone or in combination. The weather that day consisted of a snowy mix. The foyer of the Applebee's consists of two exterior doors leading to a tiled entry area. To enter the restaurant itself one must traverse the tiled foyer and enter the restaurant through a single door. Immediately inside the single entry door is a hostess station. During business hours, the hostess station is manned on a regular basis by employees of defendants. From the hostess station it is easy to see the entry area and tiled floor. Upon plaintiff's arrival at the Applebee's the tile floor in the foyer was partially covered by a single floor mat which failed to cover a significant area of the floor. There was no warning provided that the floor was otherwise wet or unsafe. As plaintiff

stepped through the exterior door and placed his foot on the uncovered tile floor, his foot slid on the wet floor causing him to fall heavily to the floor. Alan suffered a left quadriceps tendon rupture due to his fall.

## COUNT I

### (Negligence - Apple New England)

10. Each and every factual allegation in paragraphs 1 - 9 above is restated as if alleged herein.

11. On March 31, 2017 Apple New England operated the Applebee's under agreement with Flynn. Apple New England employed the workers at the Applebee's and was responsible for the operation and maintenance of the Applebee's restaurant, including maintenance of the foyer and actions taken to address slippery conditions in it caused by weather or other conditions.

12. Apple New England, by and through its employees, owed to plaintiff a duty of care in the operation of the Applebee's. This duty included, but was not limited to, the duty to inspect and maintain the foyer during inclement weather and to provide sufficient floor mats, warnings, and regular clearing of the tile floor to keep it safe for customers using the foyer. Apple New England, by and through its employees, breached this duty of care by providing only a single floor mat in the foyer which failed to cover a significant section of the tile floor immediately in front of the door used by plaintiff as he entered the foyer, though the foyer was large enough to allow for a second mat to cover the floor in front of both doors entering the foyer, failed to adequately inspect the foyer through the day and to clear the floor of water in those areas not covered by a mat, failed to reasonably warn of the danger presented by the wet floor and otherwise failed to take reasonable steps to keep the foyer safe for its intended use. As a direct and proximate

result of Apple New England's breach of duties of care as alleged, Alan slipped on the wet foyer floor suffering a ruptured left quadriceps tendon which required expensive medical care, including surgery.  Additionally, plaintiff suffered loss of income, endured physical and emotional pain, loss of enjoyment of life, anxiety and other similar damages permitted by New Hampshire law.  Some or all of plaintiff's injuries and damages are permanent and will continue in the future.

## **COUNT II**

### **(Negligence - Apple American)**

13. Each and every factual allegation in paragraphs 1 - 12 above is restated as if alleged herein.

14. On March 31, 2017 Apple American operated the Applebee's under agreement with Flynn.  Apple American employed the workers at the Applebee's and was responsible for the operation and maintenance of the Applebee's restaurant, including maintenance of the foyer and actions taken to address slippery conditions in it caused by weather or other conditions.

15. Apple American, by and through its employees, owed to plaintiff a duty of care in the operation of the Applebee's.  This duty included, but was not limited to, the duty to inspect and maintain the foyer during inclement weather and to provide sufficient floor mats, warnings, and regular clearing of the tile floor to keep it safe for customers using the foyer.  Apple American, by and through its employees, breached this duty of care by providing only a single floor mat in the foyer which failed to cover a significant section of the tile floor immediately in front of the door used by plaintiff as he entered the foyer, though the foyer was large enough to allow for a second mat to cover the floor in front of

both doors entering the foyer, failed to adequately inspect the foyer through the day and to clear the floor of water in those areas not covered by a mat, failed to reasonably warn of the danger presented by the wet floor and otherwise failed to take reasonable steps to keep the foyer safe for its intended use.  As a direct and proximate result of Apple American's breach of duties of care as alleged, Alan slipped on the wet foyer floor suffering a ruptured left quadriceps tendon which required expensive medical care, including surgery.   Additionally, plaintiff suffered loss of income, endured physical and emotional pain, loss of enjoyment of life, anxiety and other similar damages permitted by New Hampshire law.  Some or all of plaintiff's injuries and damages are permanent and will continue in the future.

## COUNT III

### (Negligence - Apple American II)

16. Each and every factual allegation in paragraphs 1 - 15 above is restated as if alleged herein.

17. On March 31, 2017 Apple American II operated the Applebee's under agreement with Flynn.  Apple American II employed the workers at the Applebee's and was responsible for the operation and maintenance of the Applebee's restaurant, including maintenance of the foyer and actions taken to address slippery conditions in it caused by weather or other conditions.

15. Apple American II, by and through its employees, owed to plaintiff a duty of care in the operation of the Applebee's.  This duty included, but was not limited to, the duty to inspect and maintain the foyer during inclement weather and to provide sufficient floor mats, warnings, and regular clearing of the tile floor to keep it safe for customers using

the foyer. Apple American II, by and through its employees, breached this duty of care by providing only a single floor mat in the foyer which failed to cover a significant section of the tile floor immediately in front of the door used by plaintiff as he entered the foyer, though the foyer was large enough to allow for a second mat to cover the floor in front of both doors entering the foyer, failed to adequately inspect the foyer through the day and to clear the floor of water in those areas not covered by a mat, failed to reasonably warn of the danger presented by the wet floor and otherwise failed to take reasonable steps to keep the foyer safe for its intended use. As a direct and proximate result of Apple American II's breach of duties of care as alleged, Alan slipped on the wet foyer floor suffering a ruptured left quadriceps tendon which required expensive medical care, including surgery. Additionally, plaintiff suffered loss of income, endured physical and emotional pain, loss of enjoyment of life, anxiety and other similar damages permitted by New Hampshire law. Some or all of plaintiff's injuries and damages are permanent and will continue in the future.

## COUNT IV

**(Negligence/Respondeat Superior - Flynn)**

16. On March 31, 2017 Flynn was the franchisee of the Keene Applebee's restaurant at which Alan sustained his injury. Flynn is the franchisee of hundreds of Applebee's restaurants and is aware of the general layout of the restaurants as many are similar in configuration and appearance. Flynn knew, or should have known, of the configuration of the Applebee's restaurant operated by its agent, Apple New England, Apple American or Apple American II. As such, Flynn knew, or should have known, that the restaurant had the entry configuration alleged in this complaint. Flynn knew, or should have known,

that its restaurant in Keene required more than a single floor mat placed in a location in the foyer which would be insufficient to cover the areas of the foyer likely to be used by restaurant customers and, therefore, Flynn in the exercise of reasonable care was required to establish standards for operation of its restaurant to address this need.  Flynn, by and through its employees or agents, owed to plaintiff a non-delegable duty of care in the operation of the Applebee's.  This duty included, but was not limited to, the duty to inspect and maintain the foyer during inclement weather and to provide sufficient floor mats, warnings, and regular clearing of the tile floor to keep it safe for customers using the foyer.  Flynn, by and through its employees or agents, breached this duty of care by providing only a single floor mat in the foyer which failed to cover a significant section of the tile floor immediately in front of the door used by plaintiff as he entered the foyer, though the foyer was large enough to allow for a second mat to cover the floor in front of both doors entering the foyer, failed to adequately inspect the foyer through the day and to clear the floor of water in those areas not covered by a mat, failed to reasonably warn of the danger presented by the wet floor and otherwise failed to take reasonable steps to keep the foyer safe for its intended use.  As a direct and proximate result of Flynn's breach of duties of care as alleged, Alan slipped on the wet foyer floor suffering a ruptured left quadriceps tendon which required expensive medical care, including surgery.  Additionally, plaintiff suffered loss of income, endured physical and emotional pain, loss of enjoyment of life, anxiety and other similar damages permitted by New Hampshire law.  Flynn is legally responsible not only for its negligence as alleged, but is legally responsible for the negligence of the entity with whom it contracted for the day-to-day operation of the store under principles of respondeat superior and agency.  Some or

all of plaintiff's injuries and damages are permanent and will continue in the future

## Jury Trial

17.     **Plaintiff demands a trial by jury**.

WHEREFORE, the plaintiff respectfully requests this Court:

A.  Enter judgment for plaintiff in an amount to be determined following trial of this matter, plus applicable costs and interest;

B.  Grant such other and further relief as the Court finds is just and equitable.

                        Alan Champney

                        By his Attorneys

                        Bussiere & Bussiere, P.A.

March 30, 2020                    /s/ John P. Fagan
Date                              John P. Fagan, Esquire (#6828)
                                  15 North Street
                                  Manchester, NH 03104
                                  603-622-1002
                                  John@bussierelaw.com