UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alan Champney

    v.                                                       Civil No. 20-cv-397-LM
                                                            Opinion No. 2021 DNH 092 P

Apple New England, LLC

**O R D E R**

Plaintiff Alan Champney brings this action against defendant Apple New England, LLC.[1] The sole basis for this court's jurisdiction invoked in the complaint is the parties' complete diversity of citizenship. See doc. no. 1, ¶ 6; see also 28 U.S.C. § 1332(a)(1). As discussed below, the court has determined that it lacks diversity jurisdiction, or indeed any form of subject-matter jurisdiction, over plaintiff's action. In general, any time the court determines that it lacks subject-matter jurisdiction over an action, it is obliged to dismiss the action sua sponte under Federal Rule of Civil Procedure 12(h)(3). See Fed. R. Civ. P. 12(h)(3). Here, the procedural posture of plaintiff's action is somewhat unusual, in that the parties have reported the settlement of their dispute, but have not yet stipulated to its dismissal. Accordingly, the court directs the parties to show cause why this action

---

[1] Plaintiff stipulated to voluntary dismissal of former defendants Apple American Group, LLC, Apple American Group II, LLC, and Flynn Restaurant Group, LP, on May 26, 2020.

should not be dismissed for lack of subject-matter jurisdiction notwithstanding the parties' reported settlement.

The complaint alleges that plaintiff is a citizen of New Hampshire and that defendant is a limited liability corporation organized under the laws of the state of Delaware with its principal place of business in California. For purposes of diversity jurisdiction, however, a limited liability company (like defendant) is deemed to be a citizen of every state of which any of its members is a citizen. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011). The complaint contains no information regarding the citizenship of defendant's members.

For these reasons, on April 12, 2021, the court directed plaintiff to file an affidavit of jurisdictional facts with the court stating "the identities and citizenship of all of defendant's members as of the date this action was filed." Doc. no. 17. The court's order reminded plaintiff that "if any of defendant's members is itself a limited liability corporation, then the citizenship of each of that entity's members or partners must also be determined." Id.

In response to the court's order, plaintiff filed an affidavit (doc. no. 18) and a "Disclosure Statement" (doc. no. 19) containing some of the jurisdictional facts the court directed plaintiff to provide. The affidavit and Disclosure Statement make clear that defendant's ownership structure is complex: it is a branching, multi-level hierarchy comprised of more than forty individuals and trusts, more than ten limited liability corporations, and several additional corporate entities and

partnerships.  Because a limited liability corporation is a citizen of every state of which any of its members is a citizen, defendant shares the citizenship of all of those entities and individuals.  See D.B. Zwirn, 661 F.3d at 125-127.

Plaintiff's submissions do not provide all of the requested jurisdictional facts and are insufficient to permit the court to determine all of the states of which defendant is a citizen.  While the affidavit and Disclosure Statement provide citizenship information for all of the individuals and trusts in defendant's ownership structure, as well as the place of incorporation of most—but not all—of the corporate entities, they do not state any of the corporate entities' principal places of business.  Because a corporation is a citizen of both its place of incorporation and the state in which it maintains its principal place of business, see 28 U.S.C. § 1332(c), the court is unable to determine the complete citizenship of any of the corporate entities in defendant's ownership structure or, in consequence, of defendant itself.

Plaintiff's submissions are nevertheless sufficient to establish that diversity of citizenship is absent in this case.  According to the submissions, defendant's sole member is Apple American Group II, LLC, the sole member of which is AAG Holding III, LLC, the sole member of which is AAG Holding II, LLC, one member of which is AAG Managers, LLC, one member of which is Management Equity Holdings, LLC.  See doc. no. 18, ¶¶ 2-6.  Among the members of Management Equity Holdings, LLC, is Louis Kaucic, a citizen of New Hampshire.  See id., ¶ 7.  Because Mr. Kaucic is a citizen of New Hampshire, so too is Management Equity

Holdings, LLC, and so on up defendant's ownership hierarchy to defendant itself. See D.B. Zwirn, 661 F.3d at 125-127. Plaintiff's submissions thus establish that both plaintiff and defendant are New Hampshire citizens.

Diversity jurisdiction requires "complete diversity of citizenship as between all plaintiffs and all defendants." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). "This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) (citing Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005)).

As noted, the sole basis for this court's jurisdiction invoked in the complaint is the parties' complete diversity of citizenship. See doc. no. 1, ¶ 6. Moreover, plaintiff asserts only state-law claims, and nothing in the complaint suggests that this court has federal-question jurisdiction or any other basis for exercising subject-matter jurisdiction over this action. See id., passim. Similarly, the court is aware of no grounds on the basis of which it could properly exercise any form of ancillary jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).

The court is mindful that the parties have reported the settlement of their dispute. However, it is firmly established that the federal courts are "courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." Id. at 377; see also, e.g., Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001). As such, "[i]t is

4

to be presumed that a cause lies outside this limited jurisdiction," Kokkonen, 511 U.S. at 377 (citations omitted), and if a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

There being no ground apparent in the court's record for the exercise of subject-matter jurisdiction over plaintiff's claims, the court directs the parties to show cause by not later than June 16, 2021, why it should not dismiss this action without prejudice for lack of subject-matter jurisdiction, notwithstanding the parties' reported settlement agreement.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 28, 2021

cc:   Counsel of Record